**SIGNED.**

Dated: February 06, 2008

**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FIRST MAGNUS FINANCIAL CORPORATION,<br><br>Debtor.<br><br>JENNIFER BINFORD, SHEILA HART, SUSAN HOWARD, JENNIFER HURTADO, SHEILA LOEBS, KELLY PLUMMER, TIRZAH ROLLE and TAWANA WRIGHT, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST MAGNUS FINANCIAL CORPORATION and FIRST MAGNUS CAPITAL, INC.,<br><br>Defendants. | Chapter 11<br><br>No. 4:07-bk-01578-JMM<br><br>Adversary No. 4:07-ap-00060-JMM<br><br>**MEMORANDUM DECISION RE: MOTION TO DISMISS FILED BY FIRST MAGNUS FINANCIAL CORPORATION** |

First Magnus Financial Corporation ("FMFC") has filed a motion to dismiss this case (Dkt. #23). The motion was argued on February 4, 2008. Although there were numerous interesting legal concepts discussed between the parties and the court, those issues need only be addressed if the court can get past the threshold issue.

Here, the threshold question is: Is it necessary to determine the claims of these eight Plaintiffs in the context of a separate adversary proceeding?

1 Initially, these eight Plaintiffs filed what they hoped would be a class action. However, this court elected not to certify the class. (*See* Order of January 10, 2008, Dkt. #36.)

It turns out that each of the eight Plaintiffs have also filed proofs of claim, pursuant to FED. R. BANKR. P. 3001, 3002, and 3003. Those claims may be entitled to *prima facie* validity. FED. R. BANKR. P. 3001(f). If allowed, they will be paid ind the order of priority established by the bankruptcy code.

On the other hand, if all or any portion of a filed claim is objected to, then the claimants are entitled to hearings on the grounds for challenge. FED. R. BANKR. P. 3007. 11 U.S.C. § 502. If the challenge becomes factually or legally intensive, it is treated as a "contested matter" under FED. R. BANKR. P. 9014, and if helpful, the court can order that many or most of the other litigation rules also apply. *See* FED. R. BANKR. P. 9014.

Therefore, it seems to be a waste of judicial resources to move forward on this adversary complaint, when the claims process is moving the same issues down a parallel track. It might also be the case that all or some part of the eight parties' proofs of claim may even be allowed. If so, then it is unnecessary to generate additional work and effort in a separate affirmative legal action designed to obtain the same ruling.

Besides the question of judicial efficiency, and not having to tread the same ground twice, there is also an element of estoppel involved. These eight parties elected to voluntarily file proofs of claim, and have thereby elected to let their claims be resolved through that process. At the same time, they filed the instant adversary complaint, which seeks the same outcome as does the claims process.

It is the court's responsibility to control how the same issues are decided. In so doing, it is charged with the responsibility to control the mode of presenting evidence in order to, among other things, avoid needless consumption of time. *See* FED. R. EVID. 611(a). Being asked to do the same thing, in two different ways, adds burden to the parties and the court, and unnecessarily increases the expense. The court has the discretion to manage its docket, so long as no prejudice inures to any party. *See Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1557 (9th Cir. 1996).

An involuntary dismissal may be authorized under FED. R. CIV. P. 41(b), made applicable by FED. R. BANKR. P. 7041. In deciding whether to dismiss an action under Rule 41(b), the court weighs five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re George*, 322 F.3d 586, 591 (9th Cir. 2003).

Based on the foregoing analysis, the court has determined that because the complaint's same issues will be resolved through the claims process, there is no reason to prosecute two separate proceedings to the same end. Therefore, a FED. R. CIV. P. 41(b) involuntary dismissal, without prejudice, will be entered.

This decision is, in part, also governed by 11 U.S.C. § 105(a); (d)(2) (prescribing limitations and procedures to ensure that cases are handled expeditiously and economically).

Because judicial efficiency mandates dismissal, it is unnecessary to discuss, at this time, the many other interesting legal issues raised by the parties. Those issues will no doubt resurface in the claims adjudication process.

A separate order will be entered which grants FMFC's motion to dismiss this case.

DATED AND SIGNED ABOVE.

