**SIGNED.**

Dated: February 06, 2008



_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FIRST MAGNUS FINANCIAL CORPORATION,<br><br>    Debtor.<br><br>JENNIFER BINFORD, SHEILA HART, SUSAN HOWARD, JENNIFER HURTADO, SHEILA LOEBS, KELLY PLUMMER, TIRZAH ROLLE and TAWANA WRIGHT, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>FIRST MAGNUS FINANCIAL CORPORATION and FIRST MAGNUS CAPITAL, INC.,<br><br>    Defendants. | Chapter 11<br><br>No. 4:07-bk-01578-JMM<br><br>Adversary No. 4:07-ap-00060-JMM<br><br>**MEMORANDUM DECISION RE: MOTION TO DISMISS FILED BY FIRST MAGNUS CAPITAL, INC.** |

  First Magnus Capital, Inc. ("FMCI") has filed a motion to dismiss this case (Dkt. #24). Its primary argument is that this court, having limited jurisdiction, is not statutorily authorized to resolve the non-bankruptcy issues which may exist between it and the Plaintiffs. In bankruptcy parlance, the action is not a "core proceeding" over which this court has jurisdiction. 28 U.S.C. §§ 1334. 157(b). Nor, FMCI submits, is this the type of "related proceeding" which has an impact upon the Debtor's pending case.

1   The court agrees. This court has no power to adjudicate a dispute between two non-
2 parties to a bankruptcy proceeding. Neither the Plaintiffs nor Defendant FMCI are in a bankruptcy
3 proceeding. The issues between them, on the theories asserted by the Plaintiffs, can be resolved in
4 a non-bankruptcy forum.

5   That joint and several liability may arguably exist between FMCI and the Debtor is
6 not a legally sufficient nexus to confer otherwise non-existent jurisdiction upon this court. As the
7 Ninth Circuit has emphasized, unless the outcome of the related proceeding could have any effect
8 on the estate being administered, its resolution should best be resolved in a court of general
9 jurisdiction. *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988); *see also Celotex Corp. v. Edwards*, 514
10 U.S. 300, 308, 115 S. Ct. 1493, 1499 (1995) (related-to jurisdiction is not limitless). The court
11 cannot, at this time, envision such a related connection. The case should therefore be dismissed
12 against FMCI for lack of jurisdiction.

13   Because FMCI's motion will be granted on jurisdictional grounds, there is no need to
14 discuss its other arguments.

15   A separate order will be entered which grants FMCI's motion to dismiss.

17   DATED AND SIGNED ABOVE.

